1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOE M. TRUJILLO,

11            Plaintiff,                        No. CIV S-04-1485 PAN (JFM)

12        vs.

13
     JO ANNE B. BARNHART,
14   Commissioner of Social Security,

15            Defendant.                        ORDER

16   _____/

17            The case is before the undersigned pursuant to 28 U.S.C. § 636(c) (consent to

18   proceed before a magistrate judge).  Plaintiff seeks judicial review of a final decision of the

19   Commissioner of Social Security ("Commissioner") denying an application for Disability Income

20   Benefits ("DIB") under Title II of the Social Security Act ("Act").  For the reasons discussed

21   below, the court will deny plaintiff's motion for summary judgment or remand and grant the

22   Commissioner's cross-motion for summary judgment.

23   /////

24   /////

25   /////

26   /////

                                              1

I. Factual and Procedural Background

In a decision dated August 23, 2003, the ALJ determined plaintiff was no longer disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has the severe impairments of a herniated nucleus pulposus and disc protusion at L5-S1 with left and right radiculopathy, advanced osteoarthritis of the left knee, status post arthroscopic surgery on the left knee, and chronic neck pain, but that these impairments do not meet or medically equal a listed impairment; the impairments present as of November 1997, the time of the most recent favorable medical decision that plaintiff was disabled were degenerative disc disease, herniated disc in the

_____

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. _____

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

1  low back, and chronic neck, back, and shoulder pain; there has been an improvement in

2  plaintiff's medical condition since November 1997; the medical improvement is related to

3  plaintiff's ability to work; plaintiff's subjective complaints were found to be no more than

4  partially credible; plaintiff retains the residual functional capacity to lift 20 pounds occasionally

5  and 10 pounds frequently, walk and stand for two hours in an eight hour day, sit for six hours in

6  an eight hour day, and occasionally perform postural activities; plaintiff has no manipulative,

7  visual, communicative, mental, or environmental limitations; claimant is unable to perform his

8  past relevant work as a construction worker; beginning in March 2002, plaintiff had the residual

9  functional capacity to perform light work; plaintiff's disability ceased in March 2002; and

10  plaintiff is not disabled.  Administrative Transcript ("AT") 22-23.

11        Plaintiff contends that the ALJ committed a single error.  Plaintiff argues that he

12  meets the listing requirements for mental retardation found at 20 C.F.R., Pt. 404, Subpt. P,

13  App.1, § 12.05C (hereinafter "Listing 12.05C") and that he is therefore presumptively disabled.

14  See supra footnote 1.  According to plaintiff, he is disabled because he suffers from both sub

15  average general intellect and other physical and mental impairments that impose a limitation on

16  his ability to work.  (Pl.'s Mot. Summ. J. 6-10)

17  II.  Standard of Review

18        The court reviews the Commissioner's decision to determine whether (1) it is

19  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

20  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

21  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

22  Substantial evidence means more than a mere scintilla of evidence, but less than a

23  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v.

24  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

25  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

26  U.S. 389, 402 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

1    The record as a whole must be considered, <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir.

2    1986), and both the evidence that supports and the evidence that detracts from the ALJ's

3    conclusion weighed.  <u>See</u> <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  The court may

4    not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  <u>Id.</u>;

5    <u>see also</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports

6    the administrative findings, or if there is conflicting evidence supporting a finding of either

7    disability or nondisability, the finding of the ALJ is conclusive, <u>see</u> <u>Sprague v. Bowen</u>, 812 F.2d

8    1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was

9    applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

10   III.  <u>Analysis</u>

11        A.  <u>The ALJ's Failure to Find that Plaintiff Did Not Meet Listing 12.05C Was Not in</u>

12   <u>           Error.</u>

13             The ALJ did not find plaintiff to be mentally retarded and therefore disabled under

14   the regulations.  <u>See</u> 20 C.F.R., Pt. 404, Subpt. P, App.1, § 12.05C.  The ALJ offered no detailed

15   analysis of plaintiff's mental impairments in his findings, focusing instead on plaintiff's

16   numerous physical complaints.  The ALJ's failure to find that plaintiff met the requirements for

17   Listing 12.05C was not in error.

18             Section 12.05 is the Listing for mental retardation.  Mental retardation refers to

19   significantly subaverage general intellectual functioning with deficits in adaptive functioning

20   initially manifested during the developmental period; i.e., the evidence demonstrates or supports

21   onset of the impairment before age 22.  20 C.F.R. § 404, Subpart P, Appendix 1, § 12.05.

22   A person will be found disabled if they meet any of the parameters in the listing, including:

23                    C.  A valid verbal, performance, or full scale IQ of 60
                      through 70 and a physical or other mental impairment
24                    imposing additional and significant work-related limitation
                      of function[.]
25

26   20 C.F.R. § 404, Subpart P, Appendix 1, § 12.05C.

                                                    4

1        The ALJ did not find that plaintiff suffered from any severe mental impairments.

2   Indeed, the ALJ's opinion is devoid of any discussion of plaintiff's alleged low intelligence.  The

3   sole nonexertional limitation addressed by the ALJ was plaintiff's inability to read and write

4   English.  On this matter, the ALJ found no erosion in plaintiff's residual functional capacity as

5   plaintiff had previously sought and maintained employment.  AT 21.

6        The burden is on plaintiff to present evidence of disability.  See Tidwell v. Apfel,

7   161 F.3d 599, 601 (9th Cir. 1998).  Plaintiff has failed in this task.   The record considered by the

8   ALJ and the Appeals Council contains no evidence of any mental impairment sufficient to meet

9   Listing 12.05C or any other relevant listing.

10        Plaintiff has never indicated in any of his previous applications for benefits or in

11   this case that he suffered from disabling mental impairments, claiming only physical impairments

12   that kept him from working.  AT 54-61, 83-90, 314-325, 328-333, 704-709, 716-717.  Observers

13   failed to document any mental impairment.  AT 89, 125, 334-339, 662-673, 676-685, 702, 710-

14   715.  Indeed, just one year prior to the administrative hearing, plaintiff's wife reported that

15   plaintiff had no problems concentrating or remembering.  AT 714.  Similarly, plaintiff had no

16   issues maintaining employment prior to his injury, enjoying a long career in construction,

17   performing skills that required measuring and careful cutting, as well as working and

18   communicating with others.  AT 87.

19        Furthermore, none of the treating or examining records document or diagnose any

20   mental impairments.  These records contains observations about myriad physical conditions and

21   go back nearly 15 years.  The sole reference to mental health care in the medical record relates to

22   plaintiff's recovery from his physical injuries, and plaintiff's treating physician saw no need for

23   any psychological evaluation.  AT 822.  Given the total absence of any evidence that could

24   support any conclusion that plaintiff is mentally retarded, the ALJ's failure to find that plaintiff

25   did not meet Listing 12.05C was not in error.  See 20 C.F.R. § 404.1525(d)("To meet the

26   /////

5

1   requirements of a listing, you must have a medically determinable impairment(s) that satisfies all

2   the criteria of the listing.")[2]

3       The ALJ properly evaluated the evidence in this case.  There is nothing in the

4   record considered by the ALJ to support plaintiff's contention that he is mentally retarded.  Prior

5   to this appeal, plaintiff has never claimed to be mentally retarded, the observations made by

6   others have never supported such a finding, and plaintiff's doctors have never diagnosed any

7   mental impairment, let alone offered any observation that plaintiff was mentally impaired.  The

8   burden lies squarely upon plaintiff to demonstrate that he is disabled and plaintiff has failed to

9   meet that burden.  The ALJ's findings will not be disturbed.

10      B.  Remand for Consideration of Plaintiff's Additional Material Is Not Proper.

11      In support of his claim, plaintiff has submitted additional evidence during this

12  appeal and asks this court to consider these records in determining whether the matter should be

13  remanded to the Commissioner.  The records submitted for the first time to this court are

14  plaintiff's school transcripts dated 1973 to 1975, and the report of a consultative examiner

15  retained by plaintiff.  See Pl.'s Mot. Summ. J., Ex. A, B.  The school records document

16  plaintiff's poor performance in virtually all subjects while in school.  Id. at Ex. A.  The

17  consultative examination from psychologist Dr. Finkel diagnoses a reading disorder, disorder of

18  written expression, and borderline intellectual functioning.  Id. at Ex. B.

19      A case may be remanded to the Secretary for the consideration of new evidence if

20  the evidence is material and good cause exists for the absence of the evidence from the prior

21  record.  42 U.S.C. § 405(g); Sanchez v. Secretary of HHS, 812 F.2d 509, 511-12 (9th Cir. 1987).

22  In order for new evidence to be "material," the court must find that, had the Secretary considered

23  this evidence, the decision might have been different.  The court need only find a reasonable

24  _____

25  [2]  Given plaintiff's failure to demonstrate that he meets the first part of Listing 12.05C, a mental impairment, there is no need to examine plaintiff's argument that he also meets the second part, a "physical...impairment imposing additional and significant work-related limitation

26  of function[.]"  20 C.F.R. § 404, Subpart P, Appendix 1, § 12.05C.

1 possibility that the new evidence would have changed the outcome of the case. Booz v.

2 Secretary of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984).

3        The new evidence fails to meet this standard.  The submitted exhibits do not lead

4 to any conclusion that the Secretary's decision in this case would have been different had these

5 exhibits been considered.  Given the evidence in the record of plaintiff's long work history, his

6 previous complaints, and his medical history, none of which demonstrate any mental impairment,

7 there is nothing in the 25 year-old school records or a single, additional consultative report that

8 casts doubt upon the ALJ's conclusions.  Submission of these materials after the Commissioner

9 has issued an adverse ruling makes them all the less persuasive.  See Weetman v. Sullivan, 877

10 F.2d 20, 23 (9th Cir. 1989).

11        Plaintiff claims psychological impairment for the first time on appeal.  As noted

12 above, there is no evidence in the medical record to support plaintiff's claim of impairment.[3]

13 Given the lack of foundational support for the claimed mental condition, it can hardly be

14 considered material.  See Batson v. Commissioner of Social Security Administration, 359 F.3d

15 1190, 1195 (9th Cir. 2004)(giving minimal weight to treating physician's opinions when clinical

16 findings are not present); see also Bates v. Sullivan, 894 F.2d 1059 (9th Cir. 1990)(sustaining the

17 Appeals Council's determination of immateriality where the new evidence was not consistent

18 with the record), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341, 342 (9th Cir.

19 1991)(en banc)

20        Even if this court were to find the additional evidence material, plaintiff has failed

21 to offer any good cause for his delay in submitting this material.  Indeed, plaintiff provides no

22 justification for his delay.  See Allen v. Secretary of Health and Human Services, 726 F.2d 1470,

23

24        [3] Plaintiff's claim of materiality to the question of disability in this case is further
undermined by his pending appeal in a second claim for benefits.  In that case, plaintiff argues
that he has met the Listing of 12.05C since August 2003.  The evidence supporting that claim is
25 the same school records and report from Dr. Finkel submitted to this court.  By initiation of his
second claim for benefits, plaintiff has implicitly recognized the lack of relevance of his mental
26 impairment to this claim.

1  1473 (9th Cir. 1984). Plaintiff admits that he advised his attorney prior to the hearing in this case

2  of his poor reading and writing skills and the subsequent embarrassment he felt as a result of his

3  illiteracy. Pl.'s Mot. Summ. J. 8-9. At that hearing, plaintiff's attorney examined plaintiff on

4  those areas. AT 54-55.

5            However, following his confession, plaintiff waited nearly two years after his May

6  19, 2003, administrative hearing to seek the opinion of a consultative psychologist. At no point

7  in the intervening time did plaintiff seek to submit to the ALJ or the Appeals Council any

8  additional materials that might support his position of impaired mental functioning, despite the

9  fact that the ALJ left the administrative record open at the conclusion of the hearing in order to

10 permit the introduction of additional evidence. AT 60. Plaintiff's school records have been in

11 existence for nearly 20 years, but no attempts was made by plaintiff to offer them prior to this

12 appeal. Also, given plaintiff's lifetime of illiteracy and presumed awareness of his poor mental

13 functioning, and his admission to his attorney prior to the administrative hearing, it cannot be

14 said that plaintiff did not know of his alleged disability.[4] See Burton v. Heckler, 724 F.2d 1415,

15 1418 (9th Cir. 1984)(establishing good cause where the evidence did not exist at the

16 administrative level). The record fails to demonstrate and plaintiff offers no evidence of any

17 impediment that could have prevented him from obtaining or submitting the school records or the

18 consultative examination offered in this case. Mere delay cannot be considered good cause.

19           Furthermore, plaintiff cannot claim that he was unaware of his ability to submit

20 additional materials as supplemental orthopedic records documenting plaintiff's physical

21 impairments were entered into the record following the hearing. AT 719-720. In spite of the

22 awareness of his condition and the opportunity to submit matters following denial of his claim,

23 AT 13-15, plaintiff did nothing. Plaintiff has failed to show good cause to support his request for

24 remand in order to consider the additional evidence of his mental impairment.

25

26           [4] This assumes that illiteracy meets Listing 12.05C. The court offers no opinion on this
    issue.

1    The record fails to demonstrate that plaintiff suffers from any mental impairment

2  sufficient to meet Listing 12.05C.  Plaintiff's admissions, the observations of others, and, most

3  importantly, the medical records do not indicate that plaintiff suffers from any mental retardation.

4  The additional materials offered by plaintiff for the first time on appeal to this court to support

5  his claim are not material, as they are contrary to the overwhelming evidence.  Furthermore,

6  plaintiff fails to provide any cause, good or otherwise, to justify his delay in submitting these

7  materials.

8    The ALJ's decision is fully supported by substantial evidence in the record and

9  based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

10    1.  Plaintiff's motion for summary judgment or remand is denied, and

11    2.  The Commissioner's cross-motion for summary judgment is granted.

12  DATED:  January 30, 2007.


    _____
    UNITED STATES MAGISTRATE JUDGE

13
Trujillo.ss.wpd

9